UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AARON AR ROTH,<br><br>              Plaintiff,<br><br>     v.<br><br>STATE OF IDAHO, FOURTH JUDICIAL DISTRICT, and ADA COUNTY SHERIFF,<br><br>              Defendants. | Case No. 1:19-cv-00200-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Aaron AR Roth (Plaintiff) filed a pro se prisoner Complaint that is subject to screening because of his status as a prisoner and request for in forma pauperis status. Dkt. 3. The Court now reviews the Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order requiring amendment.

### REVIEW OF COMPLAINT

**1.    Screening Requirement**

The Court must review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or

malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, ... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3.  **Factual Allegations**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction (IDOC), residing at the South Idaho Correctional Institution, serving a sentence on an unrelated criminal conviction. He alleges that he was wrongfully convicted of escape in the Idaho state district court. On December 21, 2011, the state district judge presiding over Plaintiff's criminal case granted him a thirteen-hour furlough to conduct business with Boise State

University. The furlough order was supposed to be served upon Plaintiff by the Ada County Sheriff's office, but it was never served (it is unclear why). Plaintiff was, in fact, furloughed, but he did not return to jail as required.

Later, he was surprised to be charged with escape, which was in part based upon the furlough order that provided a warning of that potential charge. Plaintiff contested his escape conviction based on the fact that he was never served with the furlough order explaining that failure to return to the jail could result in a criminal charge. Plaintiff's early motion to dismiss was rejected because, "[a]lthough the statute codifying the crime of escape (I.C. § 18-2505) does not specifically identify a failure to return from furlough as constituting an escape, the[se] … two statutes do [I.C. § 20-101C and I.C. § 20-242(6)." Dkt. 3-3, p. 5. On Petitioner's fourth attempt to overturn his conviction and sentence, the state district court agreed with him and dismissed the charges and vacated the conviction on Idaho Criminal Rule 48(a)(2) grounds—that the lack of due process supported a dismissal based, not on the statutes specifically addressing escape, but on the general rule that permitted dismissal where it would "serve the ends of justice and the effective administration of the court's business." The criminal case was dismissed on August 14, 2018. *See* Dkt. 3-1.

4. Discussion

   A. ***Defendant State of Idaho***

   The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state, absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh

Amendment's jurisdictional bar to states and state entities "regardless of the nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Moreover, only a "person" may be sued pursuant to 42 U.S.C. § 1983, and a state is not considered a "person" under that statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff cannot proceed against the state of Idaho. Amendment would be futile; thus, this claim is subject to dismissal and shall not be included in an amended complaint.

5. **Fourth Judicial District**

Plaintiff also names the Fourth Judicial District as a defendant. If he means that he is suing the particular judges who presided over his case, the judges are entitled to judicial immunity. Dkt. 3 p. 3)

Under the doctrine of absolute judicial immunity, a judge is not liable for monetary damages for acts performed in the exercise of his judicial functions. *Stump v. Sparkman*, 435 U.S. 349 (1978). To determine whether an act is judicial in nature so that immunity would apply, a court looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Id.* at 362.

Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). For example, judicial immunity is not lost "by allegations that a judge conspired with one party to rule against another party: 'a conspiracy

between judge and [a party] to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges. . . .'" *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (quoting *Ashelman v. Pope*, 793 F.2d at 1078).

In addition, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988).

There are two circumstances in which absolute judicial immunity does not apply. First, a judge may not rely on immunity when he or she performs an act that is not "judicial" in nature. *Stump*, 435 U.S. at 360. For example, when a judge used physical force to evict a person from the courtroom, the Ninth Circuit held that the judge performed a nonjudicial act not covered by absolute immunity. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a judge ordered officers "to forcibly and with excessive force seize and bring plaintiff into his courtroom," judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly. . . . A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority." Id.* at 356.

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Sparkman*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In instances where "jurisdiction over the subject-matter is invested by law in the judge or in the court which he holds, the manner and extent which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case. . . ." *Stump*, 435 U.S. at 356 n.6. *See also Agnew v. Moody*, 330 F.2d 868, 869-70 (9th Cir. 1964) (holding that, even though a judge's action in striking a defendant's motion for disqualification rather than responding to it was error, the failure to respond did not deprive the judge of subject matter jurisdiction, and the doctrine of judicial immunity applied to shield him from liability for his actions).

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. Idaho Code § 1-705; Idaho Const. art. V, § 20. In addition, "[a] judge of any district court, or any retired justice of the Supreme Court or any retired district judge, may hold a district court in any county at the request of the judge of the district court thereof." Idaho Const. art. V. § 12.

Plaintiff argues that retired District Judge Greenwood did not have statutory authority to grant furlough, because that authority is granted to the Idaho Board of Correction. *See* I.C. § 20-101C. However, because Judge Greenwood *did* have jurisdictional authority under the Idaho Constitution to preside over Plaintiff's criminal case, whether he made a mistake as to his statutory authority to grant furlough does not defeat absolute immunity, as the case law above explains.

Alternatively, if Petitioner is suing "Ada County District Court" as an entity, he cannot proceed. First, if Ada County District Court is construed as a *state* entity, the claim is barred by the Eleventh Amendment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) ("whether the Mt. Healthy Board of Education is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend... depends, at least in part, upon the nature of the entity created by state law.").

Second, if the Ada County District Court is deemed a *county* entity, then Plaintiff must show that the execution of an official policy or unofficial custom inflicted the injury of which he complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694

(1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Requisite elements of a § 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy; (3) the policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)). No such allegations are included in the Complaint to state a claim against Ada County District Court. If Plaintiff has additional facts, he may submit an amended complaint.

6.  **Ada County Sheriff**

A constitutional tort asserted in a § 1983 action requires that the plaintiff show that the state actor deliberately, intentionally, or recklessly caused the deprivation. *See Redman v. County of San Diego*, 942 F.2d 1435, 1445 n.13 (9th Cir. 1991) ("deliberate indifference" is conduct intended to harm, or conduct that "was so reckless as to be tantamount to a desire to inflict harm."). Gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327 (1986).

Plaintiff alleges: "Releasing anyone under these circumstances is a negligent act on the part of the Ada County Sheriff." Dkt. 3-2, p. 1. Negligence is not enough to state a federal claim upon which relief can be granted. In addition, Plaintiff has alleged no facts showing how the Sheriff received notice of the furlough order to be served, why it was not served, who was responsible for the nonservice, and whether it was merely a mistake. If the defendant is intended to be the Ada County Sheriff himself, Plaintiff has failed to allege personal participation. For example, what facts show that the Sheriff, and not a deputy or administrative person, received and failed to assign (in a reckless, deliberate, or intentional manner) the court order to be served in the jail?

As set forth above, Plaintiff cannot proceed against the Ada County Sheriff as a municipality if he does not have policy-based allegations supported by sufficient facts. He is given leave to file an amended complaint if he has such facts.

**7.     Conclusion**

Plaintiff cannot proceed on his Complaint. He may file a motion to amend together with a proposed amended complaint, curing the deficiencies set forth above, and omitting those Defendants who are entitled to absolute immunity, within 30 days after entry of this Order. Plaintiff's Motion for Appointment of Counsel will be denied without prejudice. The Court will revisit the request if Plaintiff is able to state a federal claim in his amended complaint.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff cannot proceed on the Complaint. He may file a motion to amend together

with a proposed amended complaint, curing the deficiencies set forth above, and omitting those Defendants who are entitled to absolute immunity, within **30 days** after entry of this Order. Failure to take further action will result in dismissal of the Complaint with prejudice without further notice.

2. Plaintiff's Motion for Appointment of Counsel (Dkt. 6) is DENIED without prejudice, pending receipt of an amended complaint.

DATED: September 24, 2019

David C. Nye
Chief U.S. District Court Judge